UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LYNN BESS, III** | **CIVIL ACTION NO. 19-1296** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Petitioner Lynn Bess, III, a prisoner at the Louisiana State Penitentiary proceeding pro se and in forma pauperis, filed the instant proceeding on October 3, 2019. The undersigned construes Petitioner's filing as a Petition for mandamus relief.[1] For reasons that follow, the Court should dismiss this Petition.

**Background**

On July 14, 2009, a jury found Petitioner guilty of carjacking. See *Lynn Bess, III v. Warden, Louisiana State Penitentiary*, 3:12-cv-2039 (W.D. La. Aug. 20, 2013) (recounting background). Petitioner was subsequently adjudicated a Fourth Felony Habitual Offender and sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. *Id.*

On April 4, 2018, following both an appeal in state court and a habeas corpus proceeding before this Court, Petitioner asked the Ouachita Parish District Attorney, via letter, to produce "the files maintained by, or under the custody and control of your office, in regard to the arrest prosecution and conviction of [Petitioner]." [doc. # 1-2, p. 18]. On approximately May 14,

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

2018, Petitioner asked the Ouachita Parish Clerk of Court, via letter, to produce "all records in possession of the District Attorney's Office pertaining to [Petitioner's] arrest and prosecution . . . ." *Id.* at 22.

On an unknown date, Petitioner filed an application for post-conviction relief before the trial court and, thereafter, moved for the production of the District Attorney's file. See *id.* at 43. Petitioner was, manifestly, unsuccessful, considering his subsequent appeal, which he titled a "writ of mandamus." *Id.* at 41. There, he sought all "obtainable material from the District Attorney's Files[,]" including "notes, written interview/results, investigation reports, photographic evidence, results of various examinations, all statements of the alleged victim (if given)[,] any and all reports, documentation, and the like." *Id.* at 34.

On August 9, 2018, the State of Louisiana Second Circuit Court of Appeal issued the following ruling: "Applicant Lynn Bess, III, seeks review of the trial court's denial of his motion for production of documents. On the showing made, this writ is denied." *Id.* at 43. On September 6, 2019, the Supreme Court of Louisiana denied Petitioner's subsequent application for supervisory writ. *Id.* at 1-2.

Here, Petitioner asks this Court to "review" the aforementioned rulings. [doc. # 1, p. 1]. Plainly, he seeks to compel the Ouachita Parish District Attorney to produce the District Attorney's records/files pertaining to Petitioner's July 14, 2009 conviction and subsequent sentence.

## **Law and Analysis**

"Although the writ of mandamus was abolished by Fed.R.Civ.P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651." *Moye v. Clerk, DeKalb Cty. Superior*

*Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973). "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye*, 474 F.2d at 1275.

Here, the Ouachita Parish District Attorney is not "an officer or employee of the United States or any agency thereof." The Court therefore lacks jurisdiction to grant the only relief Petitioner seeks: an order forcing the District Attorney, a judicial officer of a state court,[2] to disclose records pertaining to Petitioner's conviction and sentence.

For instance, in *Lewis v. Texas*, 273 F.3d 1100 (5th Cir. 2001), the court opined: "The district court correctly construed [the petitioner's] complaint as a petition for a writ of mandamus ordering the Tarrant County district attorney or custodian or records to produce DNA test results. Federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." See also *Stewart v. Andrews*, 61 F. App'x 919 (5th Cir. 2003) (ruling, where a petitioner "sought free photocopies of documents he allegedly needed in order to file a 28 U.S.C. § 2254 petition[,]" that the federal courts lacked subject matter jurisdiction).

"[A]bsent a specific delegation[,] federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994).

---

[2] See *State v. Vice*, 2018-1926 (La. 1/28/19), 262 So. 3d 888 (referring to the prosecutor as an officer of the court); *Johnson v. Rex*, 474 U.S. 967 (1985) (noting that the prosecutor is an officer of the court); *United States v. Block*, 660 F.2d 1086, 1091 (5th Cir. 1981).

### Recommendation

Accordingly, **IT IS RECOMMENDED** that Petitioner Lynn Bess, III's Petition for mandamus relief, [doc. # 1], be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996)**.

In Chambers, Monroe, Louisiana, this 22nd day of November, 2019.

                                                  Karen L. Hayes
                                                  United States Magistrate Judge